UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALTERMEASE M. GUY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  1:04-CV-00295 |
| | ) |
| CITY OF FORT WAYNE/ | ) |
| 911 COMMUNICATIONS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion (Docket # 29) filed on February 1, 2006, by *pro se* Plaintiff Altermease Guy, requesting that the deadlines for discovery and dispositive motions be extended because she has not yet secured replacement counsel to represent her in this action.  Defendant City of Fort Wayne, however, adamantly opposes Guy's request, contending that Guy has already had over eight months to obtain legal counsel and granting her yet another extension will simply unduly delay the litigation process.

For the reasons set forth herein, Guy's motion will be DENIED.

## PROCEDURAL BACKGROUND

On August 10, 2004, Guy, who was then represented by Attorney Christopher Myers, filed a complaint against the City of Fort Wayne, alleging that the City discriminated against her on the basis of her race when it terminated her employment. (Docket # 1.)  A scheduling conference was held on October 6, 2004, whereby a discovery deadline of May 10, 2005, and a dispositive motion deadline of June 10, 2005, were established. (Docket # 15, 16.)

On April 22, 2005, Myers filed a motion to withdraw as Guy's attorney. (Docket # 20.)

On May 16, 2005, the Court granted his motion, setting a scheduling conference for August 4, 2005, in order to afford Guy time to secure replacement counsel. (Docket # 24.)

Nonetheless, at the August 4, 2005, conference, Guy appeared without counsel, requesting that she be allowed sixty more days to secure representation. (Docket # 26.)  The Court granted her the additional sixty days and scheduled an October 4, 2005, conference, emphasizing to Guy that deadlines would be established at that conference whether or not she had retained counsel. (Docket # 26.)

At the October 4, 2005, scheduling conference, Guy informed the Court that she had retained counsel, who would soon be filing an appearance on her behalf. (Docket # 27.)  She thus requested, and was granted, that the conference be set over until November 16, 2005, in order to allow time for her counsel to file an appearance. (Docket # 27.)

However, at the November 16, 2005, conference, Guy again appeared without counsel. (Docket # 28.)  The Court then deemed Guy to be appearing in this action *pro se*, acknowledging, of course, that she could continue to seek representation. (Docket # 28.)  A new discovery deadline of February 1, 2006, and a new dispositive motion deadline of March 1, 2006, were established. (Docket # 28.)

On February 1, 2006, Guy filed the motion (Docket # 29) that is the subject of this Order.

## STANDARD ON MOTION TO EXTEND DEADLINES

"Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *see also* Fed. R.

Civ. P. 16(b); *U.S. v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406, at *1; *Tschantz*, 160 F.R.D. at 571.  In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406, at *1; *Tschantz*, 160 F.R.D. at 571.

### DISCUSSION

Guy moves to extend the February 1, 2006, discovery, and the March 1, 2006, dispositive motion deadlines, stating that she needs more time to secure counsel to represent her in this action.  However, because Guy has already been afforded ample time to obtain replacement counsel, her motion will be unsuccessful.

Here, Guy clearly fails to make the showing of "good cause" required under Rule 16(b) to extend the relevant deadlines. *See* Fed. R. Civ. P. 16(b).  Guy has been granted three prior extensions by this Court, all to allow her adequate time within which to secure replacement counsel.  Moreover, Guy was informed by this Court at the August 4, 2005, scheduling conference that deadlines would be established, *whether or not* she retains counsel. *See generally 1948 South*, 270 F.3d at 1110 ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation.").  After more than eight months, Guy has failed to secure representation.  Thus, there is absolutely no indication that affording Guy yet *more* time will cause her to be any more successful in her pursuit; rather, it is clear that such an extension would likely be futile, resulting in even more delay in this action. *See generally id.*

Therefore, because Guy fails to demonstrate good cause to support her requested

3

extension of the discovery and dispositive motion deadlines, her motion will be DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for an extension of the discovery and dispositive motion deadlines (Docket # 29) is DENIED.  Accordingly, the remaining deadline (i.e., the dispositive motion deadline) of March 1, 2006, is reaffirmed.

SO ORDERED.

Enter for the 21st day of February, 2006.


                                              S/Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge